# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GLEN STEYER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0003** (BOR Appeal No. 2048383)
           (Claim No. 2012030294)

**ALLIANCE COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Glen Steyer, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alliance Coal, LLC, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 5, 2013, in which the Board reversed an April 30, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 8, 2012, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Steyer, a coal miner, was injured in the course of his employment on March 25, 2012, when he was jarred while operating a shuttle car. The claim was held compensable for other injury of other sites of the trunk. The claims administrator specifically denied the addition of pain in the thoracic spine and other acute pain as compensable components of the claim. Approximately seven months prior to the work-related injury, Mr. Steyer was involved in a motorcycle accident. A thoracic MRI taken shortly after revealed a T7 fracture and disc bulges at T7-8 and T8-9. He reported pain in his thoracic spine that radiated into both of his legs.

1

Following the compensable injury, Mr. Steyer was treated for symptoms similar to those he experienced after his motorcycle accident. He reported pain in his back that radiated into his right leg. Treatment notes by Kenneth Hawk, F.N.P.-B.C., indicate diagnoses of low back pain secondary to a work-related injury and aggravation of the T7-8 disc with right-sided radiculopathy. Alan Kunkel, M.D., stated in letters to the claims administrator that Mr. Steyer remained unable to work due to his work-related injury. He opined that the motorcycle injury completely healed prior to the work-related injury and that new MRI findings of T7-8 and T8-9 disc bulges as well as right-sided radiculopathy indicate that Mr. Steyer suffered a new injury on March 25, 2012.

A utilization review was conducted by Dean Steinman, D.O., on May 11, 2012, in order to determine the compensability of the claim. Dr. Steinman concluded that Mr. Steyer's symptoms after the compensable injury are nearly identical to those that were present following the motorcycle accident. Further, Mr. Steyer was unresponsive to treatment which would be appropriate for an injury caused by being jarred. Dr. Steinman concluded that Mr. Steyer returned to work before he had completely recovered from his motorcycle accident and experienced symptoms on March 25, 2012, solely as a result of his motorcycle accident. Sushil Sethi, M.D., performed an independent medical evaluation on June 29, 2012, in which he also opined that Mr. Steyer's current symptoms are the result of his motorcycle accident. Dr. Sethi found that Mr. Steyer may have sustained a soft tissue injury due to his work-related injury, but he had reached maximum medical improvement for the condition.

The claims administrator closed the claim for temporary total disability benefits on August 8, 2012, based upon Dr. Sethi's determination that Mr. Steyer had reached maximum medical improvement. On April 30, 2013, the Office of Judges reversed the claims administrator's decision and held that the claim should remain open for temporary total disability benefits as long as medical evidence supports doing so. The Office of Judges found that the only compensable diagnosis was other injury of sites of trunk, and the diagnoses of thoracic pain and other acute pain were denied. It determined that Mr. Steyer's current symptoms are similar to those he experienced as a result of his motorcycle accident. However, it was found that he substantially improved prior to his work-related injury. The finding was based in part on the lack of medical reports from January 9, 2012, to March 25, 2012. It was concluded that since Mr. Steyer worked for a few months following the motorcycle accident with no indication of debilitating pain, he likely sustained a new injury on March 25, 2012. The Office of Judges further found that though an April 13, 2012, thoracic MRI showed findings that were stable since the November 21, 2011, MRI, there was an additional finding of extrinsic pressure that was not seen on the earlier MRI. Dr. Sethi's independent medical evaluation was found to be unpersuasive because he evaluated Mr. Steyer's lumbar spine rather than his thoracic spine.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision closing the claim for temporary total disability benefits on December 5, 2013. The Board of Review found that Mr. Steyer previously injured the same body part at issue in a motorcycle accident in August of 2011, and an MRI taken after the compensable injury did not reveal any new conditions. Also, Drs. Steinman and Sethi opined that the compensable soft

tissue injury has resolved. The Board of Review further noted that the claim has not been held compensable for bulging discs or radiculopathy. Mr. Steyer's symptoms were therefore found to be unrelated to the compensable injury.

On appeal, Mr. Steyer argues that his prior thoracic spine injury does not prevent him from sustaining a new injury in the course of his employment. Alliance Coal, LLC, asserts that a thoracic MRI clearly shows that the T7-8 and T8-9 disc bulges pre-existed the compensable injury. Further, medical reports clearly show that Mr. Steyer had not fully recovered from his motorcycle accident at the time of the compensable injury. After review, this Court agrees with the reasoning and conclusions of the Board of Review. Mr. Steyer sustained a serious thoracic spine injury in August of 2011 when he was involved in a motorcycle accident. Comparatively, the compensable injury at issue occurred when he was jarred while driving a shuttle car. The medical records indicate that his current symptoms are the same as those he experienced after his motorcycle accident, and diagnostic tests show that his spine has remained stable since the motorcycle accident. Dr. Kunkel's assertion that the thoracic disc bulges developed after the compensable injury is incorrect as seen by the November 21, 2011, MRI. We therefore conclude that Mr. Steyer's current symptoms are not related to his compensable injury, and he is not entitled to additional temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II